Rouse v Winthrop (2004 NY Slip Op 50591(U))

[*1]

Rouse v Winthrop

2004 NY Slip Op 50591(U)

Decided on April 2, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 2, 2004

Supreme Court, Kings County
ARTHUR ROUSE, Plaintiff,
against
DAVID WINTHROP, PEARL SAUNDERS, VALUHOME CHARLIE, INC., VALUE HOMES INC., JACQUES POMERANZ, individually, NORTHERN FUNDING, LLC., GMI DEVELOPERS, INC. HENRY & DOOLEY ARCHITECTS, P.C., LANDIS L. DOLLEY, individually, NED C. NEUBERGER, BOB JACKSON, and LOUIS MARRET, Defendants.
6257/03

Ira B. Harkavy, J.
Defendant Louis Marett moves this Court for an order granting summary judgment pursuant CPLR 3212 in his favor and dismissing the complaint as against him.
Defendants, Ned Neuberger and Bob Jackson cross-move for the same relief and for an order amending the caption in this action.
Plaintiff commenced this action pursuant to RPAPL, Article 15 to compel the determination of claims to and to quiet title to a certain piece of real property, to wit: 673 Lafayette Avenue, Brooklyn, New York. Plaintiff was the owner of the premises as of January 1981. Plaintiff alleges that he did not subsequently transfer title to the property. The complaint alleges that a deed transferring the property from plaintiff to defendant David Rouse dated September 5, 2002 is a fraudulent deed. The property was thereafter transferred by deed to defendant Pearl Saunders. Defendant Saunders conveyed the property to defendant GMI Developers, Inc. Defendant GMI Developers, Inc. conveyed
2
the property to defendant ValuHome Charlie, Inc. ValuHome Charlie, Inc. obtained a mortgage on the property.
Plaintiff's cause of action against the movants herein is predicated on the fact that these individuals were attorneys who were involved in the transfers of and /or mortgage to the subject premises. The complaint reads in relevant part as follows:
25. That plaintiff alleges that the defendants jointly and severally, acted to deprive the plaintiff of his property by virtue of the forged deed and subsequent transfers thereafter, and that the actions of the defendants were a conspiracy, which resulted in the loss of plaintiff's property.
[*2]
40. Ned C. Neuberger, Bob Jackson, and Louis Marret are made parties to this action for the reason that they were involved in the last three transfers or mortgages affecting the subject premises, to wit:
(a)a transfer from Peal Saunders to GMI Developers, Inc. dated January 1, 2003 and recorded on March 17, 2003 in the Office of the Register, County of Kings.
(b)a transfer from GMI Developers, Inc. To Valuhome Charlie, Inc. dated January 1, 2003 and recorded on March 17, 2003 in the Office of the Register, County of Kings.
(c)and a mortgage from Valuhome Charlie, Inc. To Northern Funding, LLC in the amount of $387,500.00 which mortgage is dated January 13, 2003 and was recorded on March 17, 2003 in the Office of the Register, County of Kings.
Defendant Louis Marett was the attorney at the closing for GMI Developers, Inc. which was two transfers removed from the alleged fraudulent transfer. Defendant Ned Neuberger was the attorney for the last purchaser and defendant Bob Jackson was the
presenter given to the City Register in Kings County for the papers to be recorded.
Other than the fact that the names of these attorneys appeared on documents
2
related to transfers of the subject premises, there are no allegations regarding any wrongdoing or liability on their part. Further, the transactions on which the attorneys' names are associated were subsequent to the first allegedly fraudulent conveyance. None of the lawyers named had anything to do with the allegedly fraudulent deed.
CPLR 3212 (b) states, " The motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter or law in directing judgment in favor of any party."
Upon all of the papers and proof submitted, defendants Louis Marett, Ned Neuberger, and Bob Jackson, have established that they are entitled to summary judgment as a matter of law.
Both the motion and cross-motion are granted dismissing the complaint as to these defendants, without sanctions, costs or disbursements. The branch of defendants Neuberger and Jackson's motion to amend the caption of this action is also granted. The caption filed with the RJI shall be amended to read the same as the caption in the summons and complaint, omitting the names of the individuals who have been granted summary judgment herein.
This constitutes the decision, opinion, and order of the court.
Dated: April 2, 2004
______________________________
IRA B. HARKAVY
J.S.C.
[*3]3